IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00240-CMA-BNB

MICHAEL G. YOUNG,

Plaintiff,

v.

LT. DAVID E. ROMERO #3634,
CO. DALE THOMPSON, and
SGT. TERRY JONES,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on two papers (the "Papers") filed by the plaintiff on April 23, 2009:

1. **Motion for an Injunction** [Doc. #12], and

2. **Memo in Regard to Retaliation** [Doc. #11].

I respectfully RECOMMEND that the Papers be DENIED.

The plaintiff is proceeding *pro* se, and I must liberally construe his pleadings. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Motion for an Injunction seeks injunctive relief based on alleged retaliatory actions of prison officials.[1] The Memo in Regard to Retaliation appears to be submitted in support of the

---

[1] I note that none of the prison officials are parties to this action.

Motion for an Injunction. The plaintiff does not specify whether he seeking a temporary restraining order under Rule 65(b), Fed.R.Civ.P., or a preliminary injunction pursuant to Rule 65(a).

Rule 65(a) provides that the "court may issue a preliminary injunction only on notice to the adverse party." The plaintiff does not certify that copies of the Papers were served on the other parties or their attorneys.

In addition, to obtain a preliminary injunction under Rule 65(a), the movant must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The movant's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185. The plaintiff does not discuss any of these factors.

Rule 65(b) provides that no temporary restraining order shall be granted without notice to the adverse party unless:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The plaintiff does not submit an affidavit, nor does he address irreparable injury.

I respectfully RECOMMEND that the Motion for an Injunction be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 1, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge